JOHN   F.   TALMADGE,   RESPONDENT,   *v.*   THE   THIRD
NATIONAL   BANK   OF   THE   CITY   OF   NEW   YORK,
APPELLANT.

*National banks — actions against them in State courts need not be brought in the*
*county where they are located.*

A national bank can be sued in any State courts, having general jurisdiction,
in which an individual can be sued for the same cause.  It is not necessary
to bring the action in the county in which the bank is located.

APPEAL from an order made at Special Term, denying a motion
to change the place of trial of this action from the county of Kings
to the county of New York.  .

*William H. Scott,* for the appellant.

*William N. Dykman,* for the respondent.

BARNARD, P. J.: ·
This is a personal action against the defendant, and the place of
trial demanded in the complaint is the county of Kings.
The defendant is a national banking corporation, located in the
city of New York.  The defendant claims that the action is triable
only in the city of New York, and asks an order removing the place
of trial to the county of New York.  An order was made at the
Special Term denying this motion, and an appeal is taken from this
order to this court.
There are two sections of the national banking act involved in
the determination of the question presented.  Section 5136, United
States Revised Statutes, gives power to those corporations "to sue
and be sued, complain and defend in any court of law and equity
as fully as natural persons."  By the latter part of section 5198,
as amended by chapter 80 of the Laws of 1875, it is pro-
vided "that suits, actions and proceedings against any associa-
tion under this act *may* be had in any circuit, district or territorial
court of the United States held within the district in which such
association may be established, or in any State, county or municipal

court in the county or city in which said association is located, having jurisdiction in similar cases."

To restrict the operation of section 5136, the word may, in section 5198, must be read must. While it is an admitted rule of construction to hold that the word may means must, when so intended, there are grave reasons why such a construction is not proper in this case. It would give a special privilege to a defendant national bank. It would curtail the general right to sue and be sued like a natural person in all courts. If a national bank cannot be sued except in the county where it is located, a national bank having a claim against another, and it may be a district national bank in the same State, must go to the place of location of the debtor bank to sue it; and this would be imperative, even if the business was done and all the witnesses lived at the place of the location of the creditor bank. There could be no change of the place of trial, because jurisdiction is given to try only in the place of location of the bank so sued. I do not think this was the design of this section. The intent seems to have been to give the power to sue the banks in the United States or the State courts. While the United States courts are specified, there is no limitation upon the State court, other than they should have jurisdiction in such cases.

The words of restriction to the place where "said association is situated," apply to the county and municipal courts, and not to the State courts. In the State courts of general jurisdiction a national bank can be sued wherever an individual can be for the same cause.

The order should be affirmed, with costs and disbursements.

Present — BARNARD, P. J., and PRATT, J.

Order denying motion to change place of trial affirmed, with costs and disbursements.